FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

FEB 20 2013

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| VIKY CAROLINA FUNES DE GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 08-73630<br><br>Agency No. A200-125-807<br><br>**MEMORANDUM**[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2013[**]
Pasadena, California

Before: **KOZINSKI**, Chief Judge, **KLEINFELD** and **SILVERMAN**, Circuit Judges.

An asylum applicant has "the burden of persuading the [immigration judge]

that his evidence is credible." Mejia-Paiz v. INS, 111 F.3d 720, 722 (9th Cir.

---

[*] This disposition isn't appropriate for publication and isn't precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1997). Here, the immigration judge found (and the BIA agreed) that Funes De Gonzalez's testimony wasn't credible because it was inconsistent.

The evidence doesn't compel reversal. See Singh v. Gonzales, 439 F.3d 1100, 1105 (9th Cir. 2006). Funes De Gonzalez's claim that she was active in the ARENA party was inconsistent with her inability to recall the date of the presidential election in El Salvador. She also testified inconsistently about the dates she was active in the ARENA party. Finally, Funes De Gonzalez claimed that her husband was unaware of her political activities when they married because she was still in school and not politically active. But this was contradicted by her testimony that she had finished school before she married and was also politically active in the ARENA party.

Funes De Gonzalez argues that these inconsistencies don't go to the heart of her claim. But the REAL ID Act eliminated the requirement that inconsistencies upon which the agency bases an adverse credibility finding go to the heart of an applicant's claims. Shrestha v. Holder, 590 F.3d 1034, 1043 (9th Cir. 2010).

Because Funes De Gonzalez hasn't met the standard for asylum, she can't meet the more rigorous standard for withholding of removal. Nahrvani v. Gonzales, 399 F.3d 1148, 1154 (9th Cir. 2005). In addition, "substantial evidence supports the IJ's denial for relief under" the Convention Against Torture because

Funes De Gonzalez hasn't presented evidence that it's "more likely than not" that she will be tortured if returned to El Salvador.  Id.

**PETITION DENIED.**